MICHAEL S. AMATO
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

*Attorney for Difficile Realty Corp.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:  Sun Property Consultants, Inc.         Case No. 16-72267-las

                    Debtors.                   Chapter 7
-------------------------------------------------------------X
Merchant Acquisitions, Inc.

                    Plaintiff,                 Adv. Proc. 20-8057-las

    -against-

Difficile Realty Corp.,

                    Defendant.
-------------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR AN ORDER VACATING OR CANCELLING
<u>PLAINTIFF'S NOTICE OF PENDENCY AND FOR AN AWARD OF SANCTIONS</u>**

**R⋏F**
RUSKINMOSCOUFALTISCHEK P.C.

*Attorneys for Defendant*

East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT ........................................................................................................................5

POINT I      THE NOTICE OF PENDENCY MUST BE VACATED
AND CANCELLED BECAUSE PLAINTIFF DOES NOT ASSERT
ANY CLAIM CONCERNING AN INTEREST IN THE PREMISES ...................5

POINT II     DEFENDANT SHOULD BE AWARDED ITS
COSTS AND EXPENSES, INCLUDING REASONABLE
ATTORNEYS' FEES, INCURRED IN MAKING THIS MOTION ......................8

CONCLUSION....................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**                                                                  **PAGE**

*5303 Realty Corp. v. O & Y Equity Corp.,*
64 N.Y.2d 313 (1984) ...........................................................................................................5, 8

*Braunston v. Anchorage Woods, Inc.,*
10 N.Y.2d 302, 305 (1961) ........................................................................................................5

*Cayuga Indian Nation of New York v. Fox,*
44 F. Supp. 542 (N.D.N.Y. 1982) .............................................................................................1

*Cty. of Suffolk v. Toussie,*
No. 05-CV-02954 (JS) (ARL),
2006 WL 8439617 (E.D.N.Y. Mar. 31, 2006) ...........................................................................1

*DeCaro v. East of East, LLC*,
95 A.D.3d 1163 (2d Dept. 2012) ...............................................................................................8

*Delidmitropoulos v. Karantinidis*,
142 A.D.3d 1038 (2d Dept. 2016) .............................................................................................5

*Ehrenfeld v. Ainslie Terrace LLC,*
2014 N.Y. Slip. Op. 33048 (Sup. Ct., Kings Cnty. 2014) .........................................................6

*Felske v. Bernstein*,
173 A.D.2d 677, 678 (2d Dept. 1991) .......................................................................................5

*Frederick v. Baxter Arms Corp.*,
39 F. Supp. 609, 610 (E.D.N.Y. 1941) ......................................................................................1

*Israelson v. Bradley,*
308 N.Y. 511, 516 (1955) ..........................................................................................................5

*J.K.S.P. Rest., Inc. v County of Nassau,*
127 A.D.2d 121 (2d Dept. 1987) ........................................................................................... 6-7

*Josefsson v. Keller*,
141 A.D.2d 700 (2d Dept. 1988) ...............................................................................................8

*Matter of Sakow*,
97 N.Y.2d 436 (2002) ................................................................................................................5

*Nastasi v. Nastasi*,
26 A.D.3d 32 (2d Dept. 2005) ...................................................................................................8

*Richard J. Zitz, Inc. v. Pereira*,
965 F. Supp. 350 (E.D.N.Y. 1997) ................................................................................5

*Weksler v. Yaffe*,
129 Misc.2d 633 (Sup. Ct. Kings Cnty. 1985) ...............................................................8

*Weisinger v. Rae,*
19 Misc.2d 341 (Sup. Ct. Queens Cnty. 1959) ..............................................................8

**STATUTES AND OTHER AUTHORITIES**

C.P.L.R. § 6501............................................................................................................1, 5

C.P.L.R. § 6514(b)...........................................................................................................1

C.P.L.R. § 6514(c) ........................................................................................................1, 8

Defendant, Difficile Realty Corp. ("Difficile") respectfully submits this Memorandum of Law in support of its Motion for an order: (i) pursuant to C.P.L.R. §§ 6501 and 6514(b), vacating, or directing the Clerk of Nassau County to cancel, the Notice of Pendency, dated December 26, 2019 ("Notice of Pendency") filed by plaintiff Merchant Acquisitions, Inc. ("Plaintiff") against the real property owned by Difficile commonly known as and located at 4019-4021 Hempstead Turnpike, Bethpage, New York 11714 and 150-166 Hicksville Road, Bethpage, New York 11714, indexed in the Nassau County Land and Tax Records as Section 46, Block W, Lot 231 ("Premises"); and (ii) pursuant to C.P.L.R. § 6514(c), awarding Difficile its costs and expenses, including its reasonable attorneys' fees, occasioned by the filing of said Notice of Pendency.

## PRELIMINARY STATEMENT

C.P.L.R. § 6501 provides that a notice of pendency, an extraordinary *ex parte* injunctive privilege, may only be filed in an action "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property." It has long been the law in New York that a notice of pendency *cannot* be filed or maintained in a lawsuit in which the plaintiff asserts claims unrelated to the title to real property or that seek only money damages. But, that is exactly what Plaintiff did here when it filed the Notice of Pendency based on claims seeking only *money damages* based on an alleged ownership interest in certain *personal property*. For these simple and indisputable reasons, the Court should grant the branch of Defendant's Motion for an order vacating or cancelling the Notice of Pendency (*see* Point I, *infra*).[1]

---

[1] [W]here a notice of pendency of action is filed in a county clerk's office, but the action is brought in the United States Court, the application to cancel should be brought in the United States court and not in the state court." *Cty. of Suffolk v. Toussie*, No. 05-CV-02954 (JS) (ARL), 2006 WL 8439617, at *3 (E.D.N.Y. Mar. 31, 2006), citing *Frederick v. Baxter Arms Corp.,* 39 F. Supp. 609, 610 (E.D.N.Y. 1941); *see also Cayuga Indian Nation of New York v. Fox,* 544 F. Supp. 542, 548-49 (N.D.N.Y. 1982) (finding that the federal court was the proper forum for challenges to the notices of pendency).

907786

The Court should also grant the branch of Defendant's Motion for an order awarding its costs and expenses because Plaintiff filed the Notice of Pendency without any legal justification – indeed, even a modicum of research would have revealed its baselessness – and in obvious bad faith.  Plaintiff's bad faith is highlighted by the fact that: (i) it (or its predecessor, AC12) never asserted its alleged lien interests in the Bankruptcy Proceeding despite knowing about it, (ii) it waited until nearly a year *after* the sale of the Premises to Difficile before asserting its claim, and (iii) it fails to demonstrate any documented security interest aside from the expired U.C.C.-1 and U.C.C.-3 Financing Statements.

Plaintiff is using the extraordinary privilege of a notice of pendency improperly as a sword to prevent Difficile, who purchased the Premises though a public bankruptcy sale free and clear of any liens, from selling the Premises and to compel Difficile to pay Plaintiff unsubstantiated damages.  Defendant, therefore, is entitled to an award of its costs and expenses incurred as a result of Plaintiff's improperly filed Notice of Pendency and this otherwise needless Motion (*see* Point II, *infra*).

## BACKGROUND

Plaintiff commenced this action[2] based on its allegations that its debtor, "Raj & Raj" – allegedly a former commercial tenant that operated a restaurant at the Premises previously owned by the Debtor in this Bankruptcy Proceeding – made certain "Improvements" and installed certain "Equipment" (collectively, the "Personal Property") at the Premises over which Plaintiff claims to have a security interest documented by a U.C.C. financing statement.  *See* Exhibit 7, Personal Property, annexed to the Declaration of Michael S. Amato, dated May 18, 2020 ("Amato Declaration").  Based on the exhibits annexed to the Complaint, the Personal

---

[2]  Plaintiff filed an initial Summons and Complaint (*see* ECF Doc. No. 1), which it later amended as of right (*see* Amato Declaration., Exhibit 2), but then failed to serve the amended complaint upon Difficile.

Property over which Plaintiff alleges to have a security interest include trade fixtures such as, for example, tables, chairs, kitchen equipment, lighting fixtures, and a refrigerated vehicle. *See* Amato Declaration, Exhibit 7, Personal Property.

As this Court is aware, Difficile disputes the existence of the alleged lease. There is presently pending in this Court *Raj & Raj Realty, LLC v. Difficile Realty Corp.*, Adv. Pro. No.: 19-08064. In that pending action, Raj & Raj asserts: (i) it has a valid and existing lease at the Premises; and (ii) ownership of the Personal Property that is the subject of this litigation. Difficile disputes each of these claims, and motions to dismiss and for sanctions pursuant to Fed. R. Bktcy. Pro. 7011 are *sub judice* in that proceeding.

Plaintiff alleges that it has a perfected security interest in and to the Personal Property pursuant to two U.C.C. Financing Statements providing, in relevant part,

> 4. This FINANCING STATEMENT covers the following collateral:
> All ***personal property*** now owned or hereafter acquired by the Debtor . . . .

*See* Amato Declaration, Exhibit 3, U.C.C. Financing Statements (emphasis added). The U.C.C. Financing Statements do not (and would not) concern any real property.

Notably, Plaintiff fails to demonstrate it has any interest the Personal Property alleged in the Complaint as it does not attach to, or even reference in, the Complaint a duly executed security agreement or an assignment of such interests to Plaintiff from its purported predecessor-in-interest, AC12, LLC. Moreover, the U.C.C. Financing Statements, by their own terms, expired in October 2019, at the very latest. *See* Amato Declaration, Exhibit 3, U.C.C. Financing Statements.

In or about February 2019, Difficile purchased the Premises from the Trustee free and clear of all liens, including Plaintiff's alleged (and expired) liens, pursuant to the *Amended Order*

*Pursuant to Sections 105(a), 330 and 363 of the Bankruptcy Code (i) Authorizing Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, and Encumbrances, and (ii) Approving Sale Agreement* (the "<u>Amended Sale Order</u>"), dated February 1, 2019, providing that:

> Pursuant to Section 363 of the Bankruptcy Code, the Property is sold in "as is" and "where is" condition and **free and clear of all liens, claims and encumbrances**, including any purported easements, other than the Permitted Exceptions (as defined in the Sale Agreement), with any such liens, claims and encumbrances, including any purported easements, to attach to the proceeds of the Sale of the Property.

*See* Amato Declaration, Exhibit 4, Amended Sale Order.

Plaintiff's purported liens on the alleged Personal Property are *not* Permitted Exceptions under the Sale Agreement.

Neither Plaintiff nor its predecessor-in-interest filed a notice of appearance or a proof of claim in that Bankruptcy Proceeding despite clearly knowing about it in January 2019, *before* the Sale Order (*see* Amato Declaration, Exhibit 5, Letter to the Trustee dated January 31, 2019) and alleging that it obtained an Order for Seizure of Chattel, dated March 30, 2017. *See* Amato Declaration, Exhibit 6, Amended Order of Seizure.

Plaintiff now alleges Difficile retained possession of the Personal Property allegedly left at the Premises after the Trustee's sale. *See* Amato Declaration, Exhibit 2, Complaint, ¶ 15. Based on these allegations, Plaintiff asserts three causes of action, each sounding in conversion, and each seeking monetary damages in the amount of: (i) $5,197,000 (First and Third Causes of Action) and (ii) $525,000 (Second Cause of Action).

At the same time Plaintiff filed its amended Complaint, it also filed a Notice of Pendency against the Premises. *See* Amato Declaration, Exhibit 1, Notice of Pendency.

# ARGUMENT

## Point I

### THE NOTICE OF PENDENCY MUST BE VACATED AND CANCELLED BECAUSE PLAINTIFF DOES NOT ASSERT ANY CLAIM CONCERNING AN INTEREST IN THE PREMISES

A notice of pendency is an "extraordinary privilege" demanding "strict compliance" with applicable statutory requirements. *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955); *Matter of Sakow*, 97 N.Y.2d 436 (2002). "The powerful impact that this device has on the alienability of property . . . calls for its **narrow application** to only those lawsuits *directly* affecting title to, or the possession, use or enjoyment of, real property." *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 315-16 (1984) (emphasis added); *see also* C.P.L.R. § 6501 (expressly limiting the right to file a notice of pendency to actions "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property"); *see also Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 355 (E.D.N.Y. 1997) ("[t]he subject litigation must be one where the relief requested is 'directly related' to the title, possession, use or enjoyment of the real property. The plaintiff filing the notice of pendency must claim some 'interest . . . in the land of a defendant which might be lost under the recording acts in the event of a transfer of the subject property' during the litigation."), citing *Braunston v. Anchorage Woods, Inc.,* 10 N.Y.2d 302, 305 (1961).

It is well-settled that an action seeking an interest in *personal* property, such as an ownership interest in trade fixtures, is not within the scope of C.P.L.R. § 6501. *See 5303 Realty Corp.*, 64 N.Y.2d at 321; *Delidmitropoulos v. Karantinidis*, 142 A.D.3d 1038 (2d Dept. 2016); *Felske v. Bernstein,* 173 A.D.2d 677, 678 (2d Dept. 1991) (affirming order vacating notice of pendency because "even if the defendants were granted specific performance in the underlying

action, that fact alone would not give them an interest in the subject realty because ***the defendants' interest . . . would be an interest in personal property, not an interest in the realty***) (emphasis added); *Ehrenfeld v. Ainslie Terrace LLC*, 2014 N.Y. Slip. Op. 33048 (Sup. Ct., Kings Cnty. 2014) (granting motion to vacate the notice of pendency because "plaintiff does not seek to own the property per se, but only to enforce the ***purported oral joint venture agreement***, and thereby recover damages for the profits to which plaintiff claims he is entitled") (emphasis added).

Here, all of Plaintiff's claims are based on its allegation of an ownership in the Personal Property purportedly left at the Premises, and not an ownership interest in the Premises itself. *See* Amato Declaration, Exhibit 3, U.C.C. Financing Statements and Exhibit 7, Personal Property. Indeed, Plaintiff was never a lessee or owner of the Premises, as it concedes it merely held a security interest in certain Personal Property purchased by the lessee, Raj & Raj. *See* Amato Declaration, Exhibit 2, Complaint, ¶ 5 and Exhibit 3, U.C.C. Financing Statements, (attaching expired U.C.C. Financing Statements).

Plaintiff tries to sidestep this fatal defect by vaguely and summarily alleging that its claim to the Personal Property somehow "affect[s] the title to, or the possession, use, or enjoyment of the [Property]." *See* Amato Declaration, Exhibit 2, Complaint, ¶¶ 28-31. Plaintiff is wrong because the alleged Personal Property is clearly trade fixtures that are treated, as a matter of law, as personality and *not* realty. *See J.K.S.P. Rest., Inc. v County of Nassau*, 127 A.D.2d 121, 125-26 (2d Dept. 1987).

As the Court in *J.K.S.P. Rest*. explained,

> Trade fixtures are articles of ***personal property*** which a tenant places upon or annexes to the leased realty for the purpose of carrying on its trade or business during the term of its lease (*East Side Car Wash v K.R.K. Capitol*, 102 AD2d 157; *Cohen v*

> *Wittemann*, 100 App Div 338; *Herkimer County Light & Power Co. v Johnson*, 37 App Div 257; *Interstate Lien Corp. v Schmidt*, 180 Misc 910; 23 NY Jur, Fixtures, § 29). Generally, they are installed by the tenant at its own expense to further its business purposes (*East Side Car Wash v K.R.K. Capitol*, *supra*, at 162). ***The trade fixtures of a tenant remain personal property*** so far as the right of removal is concerned, subject to the limitation that "the removal must be accomplished without substantial injury to the freehold", not "'without [any] injury to said property'" (*Matter of City of New York*, 192 NY 295, 302). Thus, in order for property to meet the definition of a trade fixture, it must be shown (1) that the property was annexed to the leased realty by the tenant, and (2) for the purposes of the tenant's trade or business. However, a trade fixture may not be removed unless this can be accomplished without substantial or material injury to the freehold.
>
> ***Contrary to the general rule that fixtures become part of the realty and pass with it, trade fixtures remain the personal property of the tenant and are removable by the tenant at the expiration of the term***. This is so even with respect to structures as substantial as entire buildings, which have been held to constitute trade fixtures and, thus, are removable by the tenant (*see*, *Matter of City of New York*, *supra*, at 301; *Lewis v Ocean Nav. & Pier Co.*, 125 NY 341; *Debobes v Butterfly*, 210 App Div 50; *Foureal Co. v National Molding Corp.*, 74 Misc 2d 316; 23 NY Jur, Fixtures, § 32; 2 Warren's Weed, New York Real Property, Fixtures, § 3.02 [4th ed]; 35 Am Jur 2d, Fixtures, § 3).

*Id*., at 125-26 (emphasis added).

All of the items identified by Plaintiff in its exhibits to the Complaint allegedly were added by the tenant, Raj & Raj, for its business. *See* Amato Declaration, Exhibit 2, Complaint, ¶ 4; Exhibit 7, Personal Property. They are, therefore, trade fixtures that remain as personal property, the claim over which, in turn, cannot support the filing of a Notice of Pendency.

Even if the Personal Property that is the subject of the Complaint was, somehow, deemed to be part of the real property, Plaintiff's Complaint still fails to support the filing of the Notice of Pendency because it seeks only money damages and not the return of the Personal Property that, according to Plaintiff, was sold to a third party. It is axiomatic that actions seeking only

money damages cannot support the filing of a notice of pendency. *See 5303 Realty Corp.*, 64 N.Y.2d at 321; *see also DeCaro v. East of East, LLC*, 95 A.D.3d 1163, 1164 (2d Dept. 2012) (reversing motion court, and directing the cancelation of the notice of pendency, upon finding that "since the supplemental complaint only asserted a cause of action to recover money damages, the action no longer was one in which the judgment demanded would affect title to, or the possession, use, or enjoyment of, real property") (citing cases). That, however, is all Plaintiff seeks in the Complaint. *See* Amato Declaration, Exhibit 2, Complaint, ¶¶ 21, 26, 32, and Decretal paragraph.

In short, there is no claim in the Complaint on which Plaintiff can maintain its Notice of Pendency which, therefore, must be vacated as a matter of law.

**Point II**

**DEFENDANT SHOULD BE AWARDED ITS
COSTS AND EXPENSES, INCLUDING REASONABLE
ATTORNEYS' FEES, INCURRED IN MAKING THIS MOTION**

Pursuant to C.P.L.R. § 6514 (c), the Court may award the moving party its costs and fees in seeking the cancelation of a notice of pendency filed or maintained in bad-faith. *See Nastasi v. Nastasi*, 26 A.D.3d 32, 41 (2d Dept. 2005) (finding a lack of good faith where notice of pendency was used for ulterior purpose); *Josefsson v. Keller*, 141 A.D.2d 700, 701 (2d Dept. 1988) (awarding costs and expenses where plaintiff commenced action and obtained notice of pendency in bad faith); *Cf. Weksler v. Yaffe*, 129 Misc.2d 633 (Sup. Ct., Kings Cnty. 1985) (finding that the lack of a cognizable claim is sufficient to establish bad-faith; *Weisinger v. Rae*, 19 Misc.2d 341 (Sup. Ct., Queens Cnty. 1959) (finding bad-faith where allegations had no merit as claim against property and the only purpose in filing the notice of pendency was to induce a payment to release the notice of pendency).

Here, Plaintiff's bad-faith in filing the Notice of Pendency is palpable as there simply is no claim in the Complaint to support it (*see* Point I, *supra*). Given this patent legal defect, coupled with the fact that: (i) Plaintiff (or its predecessor) never asserted its alleged lien interests in the Bankruptcy Proceeding despite knowing about it in January 2019, *before* the Sale Order (*see* Amato Declaration, Exhibit 2, Complaint, ¶ 15; Exhibit 7, Personal Property), (ii) it waited until nearly a year *after* the sale of the Premises to Difficile before asserting its claim, and (iii) it fails to demonstrate any documented security interest in the Personal Property aside from the expired U.C.C. Financing Statements, it is obvious that Plaintiff used the extraordinary *ex parte* remedy of a notice of pendency simply for its *in terrorem* effect to suspend the alienation of the Premises as a strong-arm tactic to extort money from Defendant.

Defendant it thus entitled to its costs and expenses incurred as a result of the Notice of Pendency, including its reasonable attorneys' fees incurred in having to make this Motion, which amount should be fixed by the Court upon Defendant's counsel's filing of an Affidavit of Services and Expenses.

## **CONCLUSION**

There are no claims in the Complaint to support Plaintiff's Notice of Pendency. The Court should, therefore, grant Defendant's Motion and issue and order: (i) vacating the Notice of Pendency or directing the Clerk of Nassau County to cancel it immediately and (ii) awarding Defendant its costs and expenses incurred by the filing of the Notice of Pendency, including its reasonable attorneys' fees incurred in having to make this Motion, which amount should be fixed by the Court upon Defendant's counsel's filing of an Affidavit of Services and Expenses.

Dated:  Uniondale, New York
　　　　May 18, 2020

　　　　　　　　　　　　　　　　　　　　　RUSKIN MOSCOU FALTISCHEK, P.C.
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Difficile Realty Corp.*

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Michael S. Amato
　　　　　　　　　　　　　　　　　　　　　East Tower, 15th Floor
　　　　　　　　　　　　　　　　　　　　　1425 RXR Plaza
　　　　　　　　　　　　　　　　　　　　　Uniondale, NY 11556-1425
　　　　　　　　　　　　　　　　　　　　　(516) 663-6600