UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Sun Property Consultants, Inc.,

                    Debtor.

-----------------------------------------------------------x
Merchant Acquisitions, Inc.,

                    Plaintiff,

     v.

Difficile Realty Corp.

                    Defendant.
-----------------------------------------------------------x

Case No.: 8-16-72267-las

Chapter 7

Adv. Pro. No.: 8-20-08057-las

### MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO IMPOSE CIVIL CONTEMPT SANCTIONS ON PLAINTIFF

Before the Court is the motion of defendant Difficile Realty Corp. ("Difficile"), dated January 27, 2021, for an order pursuant to 11 U.S.C. § 105(a): (i) compelling plaintiff Merchant Acquisitions Inc. ("Merchant") to pay to Difficile the amount of $22,109.24 in accordance with this Court's order dated August 24, 2020 (the "August 24 Order"), with interest from September 7, 2020; (ii) finding Merchant in civil contempt and imposing monetary sanctions against Merchant for its failure to comply with the August 24 Order in an amount to be determined by the Court; and (iii) awarding Difficile the costs, fees, and expenses incurred in moving to hold Merchant in civil contempt as a result of its non-compliance, including reasonable attorneys' fees, in an amount to be determined by the Court [Dkt. No. 68][1]. In further support of the motion, Difficile's counsel, Michael S.

---

[1] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the bankruptcy case of Sun Property Consultants, Inc., Case No. 8-16-72267-las, are cited as "[Bankr. Dkt. No. __]".

Amato, Esq., filed a declaration dated March 2, 2021, setting forth the attorneys' fees and expenses incurred by Difficile as a result of its motion to hold Merchant in contempt and direct compliance with the August 24 Order totaling $4,027.50 [Dkt. No.72].

On the same day the motion was filed, January 27, 2021, the Court entered an *Order Scheduling Hearing On Defendant's Motion For Contempt.* [Dkt. No. 69]. The scheduling order (i) expressly set forth the relief requested by Difficile in its motion, i.e., that the Court find Merchant in civil contempt and impose sanctions for its failure to comply with the August 24 Order, (ii) set the time by which Merchant may file and serve any objection to the motion and the deadline for filing a reply by Difficile, (iii) scheduled a hearing on the motion for March 16, 2021 at 11:15 a.m., and (iv) directed Difficile to serve the scheduling order, the motion and any exhibits, upon Merchant by no later than January 28, 2021. On January 28, 2021, Difficile filed an affidavit of service showing service upon Merchant in accordance with the Court's scheduling order. [Dkt. No. 70]. Merchant did not file an objection to the motion. The Court held a hearing on March 16, 2021 at which Difficile appeared in support of the motion. Merchant did not appear at the hearing.[2]

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

The Court has carefully considered the arguments and submissions by Difficile, the relevant law, and the record in this adversary proceeding and in the underlying bankruptcy

---

[2] By Order dated December 20, 2020, the Court granted the motion of Tejal Shah, Esq. to withdraw as counsel for Merchant and afforded Merchant an opportunity to retain new counsel in this adversary proceeding [Dkt. No. 64]. No appearance has been filed on the Court's docket by counsel for Merchant, nor has Merchant appeared at any court hearings in this adversary proceeding, since the entry of the order permitting counsel to withdraw.

case of Sun Property Consultants, Inc. For the following reasons, in addition to those stated on the record at the March 16, 2021 hearing, the Court holds Merchant in civil contempt for its failure to comply with the August 24 Order and imposes compensatory sanctions of $4,027.50, the amount of attorneys' fees requested by Difficile.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. *See Memorandum Decision and Order Dismissing Amended Complaint* dated December 22, 2020. [Dkt. No. 67]. Accordingly, the Court will provide background only to the extent necessary to decide Difficile's motion to hold Merchant in contempt and to impose sanctions for its failure to comply with the August 24 Order.

On May 23, 2016, Sun Property Consultants, Inc. ("Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code [Bankr. Dkt. No. 1]. At the time of the bankruptcy filing, Debtor owned and operated a strip shopping center located at 4019-4021 Hempstead Turnpike, Bethpage, New York 11714 and 150-166 Hicksville Road, Bethpage, New York 11714 (the "Premises"). On motion of Yann Geron, Esq., the chapter 11 trustee appointed in Debtor's chapter 11 case [Bankr. Dkt. No. 301], Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code on October 3, 2018 [Bankr. Dkt. No. 313], and Mr. Geron was appointed chapter 7 trustee [Bankr. Dkt. No. 315].

By Order dated February 1, 2019, the Court approved the sale of the Premises by the chapter 7 trustee to the back-up bidder at auction, REMM Consultants, Inc. ("REMM"), or any designee of REMM. [Bankr. Dkt. No. 373]. Thereafter, pursuant to a Purchase and Sale Agreement and Bargain and Sale Deed Without Covenants, dated February 5, 2019, the trustee transferred the Premises to Difficile as REMM's designee.

Merchant commenced this action on November 12, 2019 by filing a complaint in the Supreme Court of the State of New York, County of Nassau, Index No. 615796/2019 ("State

Court Action") against Difficile alleging that Difficile converted personal property at the Premises in which Merchant claimed to have a properly perfected security interest. The complaint asserted two causes of action for conversion. The first cause of action sought money damages in the amount of $5,197,000 and the second cause of action sought money damages in the amount of $525,000. On December 26, 2019, Merchant filed an Amended Complaint in the State Court Action. The Amended Complaint is identical to the original complaint except that Merchant added a third cause of action claiming it is entitled to file a notice of pendency on the Premises. The third cause of action sounded in conversion and sought money damages in the amount of $5,197,000. On December 27, 2019 plaintiff filed a notice of pendency on the Premises.

Merchant's action was removed to the United States District Court for the Eastern District of New York by Difficile on January 28, 2020, and the District Court referred the action to this Court pursuant to 28 U.S.C. § 157(a) by Order dated March 31, 2020. On May 20, 2020, Difficile filed a motion for entry of an order canceling the notice of pendency and awarding costs and expenses incurred by it as the result of the filing of the notice of pendency. [Dkt. No. 11]. By Order dated May 21, 2020, the Court set a briefing schedule and scheduled a hearing on the motion. [Dkt. No. 14]. The Court held a hearing on June 8, 2020 to consider the request to cancel the notice of pendency and award costs and expenses. By Order dated June 10, 2020, the Court granted that portion of Difficile's motion seeking cancellation of the notice of pendency and the notice of pendency was cancelled. [Dkt. No. 26]. The June 10, 2020 Order also directed the parties to file supplemental pleadings in connection with Difficile's request for an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency. Supplemental pleadings were filed [Dkt. Nos. 27, 30–33], and the Court entered an Order dated July 8, 2020 scheduling a hearing on Difficile's request for an award of costs and expenses. [Dkt. No. 34].

After a hearing on notice to Merchant, and at which the parties appeared, the Court entered the August 24 Order and awarded Difficile attorneys' fees in the sum of $21,906.50 and reimbursement of expenses of $202.74 occasioned by the filing and cancellation of the notice of pendency. [Dkt. No. 47].[3] The August 24 Order directed Merchant to pay Difficile, care of its attorneys Ruskin Moscou Faltischek, P.C., the total amount of $22,109.24 within fourteen days of entry of the order, i.e., September 7, 2020. *Id.* Merchant did not make any payment to Difficile in accordance with the August 24 Order. On November 24, 2020 Difficile filed a Notice of Submission of Proposed Order requesting entry of judgment in its favor and against Merchant in the amount of $22,109.24 pursuant to the August 24 Order, as well as post-judgment interest at nine percent per annum [Dkt. No. 61]. On November 24, 2020, the Court entered an order directing the parties to appear at a status conference on December 3, 2020 [Dkt. No. 62]. For the reasons set forth on the record at the status conference, the Court declined, at that time, to enter a separate judgment in the amount of the attorneys' fees and expenses previously awarded to Difficile. At the status conference, Ms. Shah then counsel for Merchant, represented that she had sent the August 24 Order to Merchant and advised Merchant of the order's legal effect, as well as the consequence of noncompliance. No reason was given at the status conference by Merchant as to why it failed to obey the lawful order of the Court and make payment to Difficile. Nor did Merchant claim that the August 24 Order was not clear on its face or that it imposed a financial hardship.

With this factual and procedural history in mind, the Court turns to Difficile's request that Merchant be found in civil contempt for its failure to comply with the August 24 Order and that sanctions be imposed.

---

[3] The August 24 Order also directed the filing of supplemental pleadings in connection with Difficile's request for additional damages occasioned by the filing and cancellation of the notice of pendency, including carrying costs for the Premises and lost profits, and set a hearing date for oral argument on Difficile's request for additional damages.

DISCUSSION

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "The majority of cases conclude that all courts, whether created pursuant to Article I or Article III of the Constitution, have inherent civil contempt power to enforce compliance with their lawful judicial orders, and no specific statute is required to invest a court with civil contempt power." 2 Collier on Bankruptcy P. 105.02 (16th ed. 2020). As explained by the Second Circuit in *In re Sanchez*, 941 F.3d 625 (2d Cir. 2019), "inherent sanctioning powers are not contingent on Article III, but rather are, as their name suggests, inherent in the nature of federal courts as institutions charged with judicial functions." *Id.* at 627. "We therefore hold that bankruptcy courts, like Article III courts, possess inherent sanctioning powers." *Id*; *See also In re 1990's Caterers Ltd.*, 531 B.R. 309, 319 (Bankr. E.D.N.Y. 2015) ("It is well settled that bankruptcy courts are vested with the inherent authority to enforce compliance with their orders through the issuance of civil contempt orders."); *In re Chief Exec. Officers Clubs, Inc.*, 359 B.R. 527, 534 (Bankr. S.D.N.Y. 2007) ("The power to impose civil contempt sanctions applies in Bankruptcy Court as well."); *In re MarketXT Holdings Corp.,* Case No. 04-12078, 2006 WL 408317, at *1 (Bankr. S.D.N.Y. Jan.27, 2006) ("It is well accepted, in light of the 2001 amendments to [Bankruptcy] Rule 9020, that bankruptcy courts have power to enter civil contempt orders."); *In re World Parts, LLC,* 291 B.R. 248, 253 (Bankr. W.D.N.Y.2003) ("Bankruptcy courts possess the power to impose sanctions for acts of civil contempt.") (citing *In re Chateaugay Corp.,* 920 F.2d 183, 187 (2d Cir.1990)). "The contempt power serves to protect[ ] the due and orderly administration of justice and [to] maintain[ ] the authority and dignity of the court.'" *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (quoting *Roadway Express,*

*Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

    A. Finding of Civil Contempt

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)). "It need not be established that the violation was willful." *Paramedics*, 369 F. 3d at 655 (citing *Donovan v. Sovereign Sec.*, Ltd., 726 F.2d 55, 59 (2d Cir. 1984)).

Here, each of the three factors to hold Merchant in civil contempt has been met. First, the August 24 Order is clear and unambiguous. The August 24 Order explicitly awarded fees and expenses totaling $22,109.24 to Difficile and directed Merchant to pay such fees and expenses to Difficile's counsel within fourteen days of the entry of the order. Merchant has never expressed confusion or misunderstanding as to the terms of the August 24 Order or what the August 24 Order directed Merchant to do. Additionally, despite the opportunity to file a response to Difficile's contempt motion,[4] Merchant did not do so. Second, there is no question that Merchant has not paid the fees and expenses awarded Difficile under the August 24 Order. *See* Amato Decl. ¶¶ 7, 14, January 27, 2021 [Dkt. No. 68]. Finally, there is no evidence in the record that Merchant has made any effort to comply with the August 24 Order. Merchant has not responded to the August 24 Order nor filed any pleadings with the Court explaining its failure to comply. Furthermore, as noted above, Merchant's counsel represented at the December 3, 2020 status conference that she sent the August 24 Order to Merchant and advised Merchant of the consequences of non-compliance.

---

[4] *See Order Scheduling Hearing On Defendant's Motion For Contempt*. [Dkt. No. 69].

In sum, payment by Merchant has not been made and no reason has been proffered by Merchant for its failure to comply with the August 24 Order. Merchant's indifference is telling. Merchant did not appear at the March 16, 2021 hearing to consider Difficile's motion to hold it in civil contempt and to impose sanctions for its failure to comply with the August 24 Order, and it did not file any response to Difficile's motion. Additionally, no appearance has been made in this case by new counsel for Merchant since Ms. Shah was permitted to withdraw as counsel pursuant to this Court's December 3, 2020 Order.[5] Merchant's inaction further demonstrates that it has not made any effort whatsoever to respond to and comply with the August 24 Order and has no intention of doing so.

For these reasons, the Court concludes that Merchant's failure to comply with the August 24 Order warrants a finding of civil contempt. Having so found, the Court addresses what is an appropriate sanction under the circumstances here for Merchant's contumacious conduct and failure to obey the lawful order of the Court.

B. Civil Contempt Sanctions

"Sanctions for civil contempt may be imposed both to coerce future compliance with a court order issued for another party's benefit and to 'compensate for any harm that previously resulted' from the noncompliance." *1990's Caterers*, 531 B.R. at 319 (quoting *Chief Exec. Officers Clubs*, 359 B.R. at 534). *See Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.,* 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) ("Civil contempt motions may serve either or both purposes: They may be coercive, to secure compliance with court orders or they may be compensatory, to make whole the party who has been wronged."). "In

---

[5] It is well settled that a corporation cannot proceed *pro se* in federal courts. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel.").

fashioning an appropriate remedy, courts must consider 'the nature of the harm and the probable effect of alternative sanctions.'" *1990's Caterers,* 531 B.R. at 319 (quoting *Chief Exec. Officers Clubs*, 359 B.R. at 536).

"Coercive sanctions must account for '(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him.'" *Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 22 (2d Cir. 2018) (quoting *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F. 2d 106, 110 (2d Cir. 1987). "Compensatory sanctions should reimburse the injured party for its actual damages." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989). Additionally, "[i]t is well settled … that civil contempt proceedings must be 'remedial and compensatory, and not punitive.'" *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F. 2d 1, 5 (2d Cir. 1989) (quoting *Sunbeam Corp. v Golden Rule Appliance Co.*, 252 F. 2d 467, 469 (2d Cir. 1958).

"The court may, however, serve either goal—the coercive or the compensatory—by awarding attorneys' fees and costs to a contempt victim." *Al Hirschfeld Found.,* 438 F. Supp. 3d at 208 (citing *Weitzman v. Stein,* 98 F.3d 717, 719 (2d Cir. 1996)). "The traditional award of fees and costs on a contempt motion is targeted at the expense engendered in seeking relief for the contempt as such." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.,* 642 F. Supp. 2d 276, 299 (S.D.N.Y. 2009).

Difficile requests that the Court award it $4027.50 in attorneys' fees it claims to have incurred in bringing the contempt motion. The attorneys' fees for litigating the contempt motion were incurred by Difficile precisely because of Merchant's noncompliance with the August 24 Order and would not have been incurred but for Merchant's failure to comply

with the order. Difficile submitted its counsel's declaration in support of its request for attorneys' fees setting forth the amount actually incurred in pursuing this contempt motion [Dkt. No. 72], which the Court finds is sufficient to establish the amount of fees. Allowance of attorneys' fees in the amount of $4,027.50 serves to make Difficile whole for the work occasioned by Merchant's blatant disregard of the August 24 Order. Accordingly, the Court finds it appropriate to impose sanctions of $4,027.50 for Merchant's civil contempt.

## CONCLUSION

For the forgoing reasons, the Court (i) holds Merchant in civil contempt for its failure to comply with the August 24 Order and (ii) orders Merchant to pay to Difficile the sum of $4,027.50. A separate judgment will be issued in favor of Difficile in the amount of $26,136.74 consisting of the fees and expenses granted under the August 24 Order in the amount of $22,109.24 plus the $4,027.50 awarded by this decision.

SO ORDERED

**Dated: June 2, 2021**
**Central Islip, New York**

*/s/ Louis A. Scarcella*
**Louis A. Scarcella**
**United States Bankruptcy Judge**