UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Case No. 8-16-72267 |
| Sun Property Consultants, Inc., | Chapter 7 |
| Debtor. | |

-----------------------------------------------------------------X

Merchant Acquisitions, Inc.,

                Plaintiff,                     Adv. Pro. No. 8-20-08057-las

      -against-


Difficile Realty Corp.,

                Defendant.

-----------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## ON DEFENDANT'S APPLICATION FOR COSTS AND EXPENSES

Before the Court is the supplemental application of defendant Difficile Realty Corp. ("Difficile"), pursuant to N.Y. C.P.L.R. § 6514(c), seeking an award of costs and expenses occasioned by the filing by plaintiff Merchant Acquisitions, Inc. ("Merchant") of a notice of pendency. [Dkt. No. 53].[1] Difficile maintains that it suffered lost profits when it did not close on a $6,900,000 sale of the real property that was the subject of the notice of pendency and incurred extra carrying costs because of the improper notice of pendency. Specifically, Difficile asks this Court to award it lost profit of $1,675,000, utility charges of $19,207.61, real estate taxes totaling $107,216.46, a liability insurance expense of $12,736.46, and expenses incurred for miscellaneous repairs and property management fees aggregating

---

[1] On motion of Difficile, the notice of pendency was cancelled. [Dkt. No. 26]. Difficile previously moved for an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency. [Dkt. No. 27]. In that application, Difficile sought an award of attorneys' fees as well as lost profit for a sale transaction that did not close. Merchant filed opposition to the request for lost profit and did not take issue with the nature or amount of the attorneys' fees requested by Difficile. [Dkt. No. 30]. The Court awarded attorneys' fees, albeit in an amount less than that requested by Difficile, and deferred consideration of Difficile's request for lost profit. [Dkt. No. 47].

1

$38,342.81. Although Merchant filed opposition to Difficile's request for an award of lost profit, it did not address the nature or amount of the expenses sought by Difficile. [Dkt. No. 57].

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

The Court has carefully considered the parties' submissions and arguments, as well as the record in this adversary proceeding and the record in the bankruptcy case of Sun Property Consultants, Inc. For the following reasons, the supplemental application is granted in part and denied in part.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. *See Memorandum Decision and Order Dismissing Amended Complaint* dated December 22, 2020. [Dkt. No. 67]. Accordingly, the Court will provide background only to the extent necessary to decide Difficile's application for an award of costs, expenses and actual damages occasioned by the filing of the notice of pendency.

On May 23, 2016, Sun Property Consultants, Inc. ("Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code [Bankr. Dkt. No. 1]. At the time of the bankruptcy filing, Debtor owned and operated a strip shopping center located at 4019-4021 Hempstead Turnpike, Bethpage, New York 11714 and 150-166 Hicksville Road, Bethpage, New York 11714 (the "Premises"). On motion of Yann Geron, Esq., the chapter 11 trustee appointed in Debtor's chapter 11 case [Bankr. Dkt. No. 301], Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code on October 3, 2018 [Bankr. Dkt. No. 313], and Mr. Geron was appointed chapter 7 trustee [Bankr. Dkt. No. 315].

By Order dated February 1, 2019, the Court approved the sale of the Premises by the chapter 7 trustee to the back-up bidder at auction, REMM Consultants, Inc. ("REMM"), or any designee of REMM. [Bankr. Dkt. No. 373]. Thereafter, pursuant to a Purchase and Sale Agreement and Bargain and Sale Deed Without Covenants, dated February 5, 2019, the trustee transferred the Premises to Difficile as REMM's designee. On October 4, 2019, Difficile and HRT LI LLC ("HRT") entered into a Purchase and Sale Agreement under which HRT agreed to purchase the Premises from Difficile for $6.9 million. [Dkt. No. 27 ¶ 35, Ex. J. The sale transaction did not close. On February 10, 2020, HRT's counsel sent a letter to Difficile declaring Difficile's default "on account of seller's inability and refusal to deliver to the property free and clear of all liens and encumbrances and other defects in title, and in particular, of the lawsuit *Merchant Acquisitions v. Difficile Realty Corp.* (Index No. 615796/2019) and Lis Pendens filed by Merchant Acquisitions Inc. on the Property." [Dkt. No. 27, ¶ 38, Ex. K.]

Merchant commenced the action referred to in HRT's letter on November 12, 2019 by filing a complaint in the Supreme Court of the State of New York, County of Nassau, Index No. 615796/2019 ("State Court Action") against Difficile alleging that Difficile converted personal property at the Premises in which Merchant claimed to have a properly perfected security interest. The complaint asserted two causes of action for conversion. The first cause of action sought money damages in the amount of $5,197,000 and the second cause of action sought money damages in the amount of $525,000. On December 26, 2019, Merchant filed an Amended Complaint in the State Court Action. The Amended Complaint is identical to the original complaint except that Merchant added a third cause of action, claiming it is entitled to file a notice of pendency on the Premises. The third cause of action sounded in conversion and sought money damages in the amount of $5,197,000. On December 27, 2019, plaintiff filed a notice of pendency on the Premises.

3

Merchant's action was removed to the United States District Court for the Eastern District of New York by Difficile on January 28, 2020, and the District Court referred the action to this Court pursuant to 28 U.S.C. § 157(a) by Order dated March 31, 2020.[2] On May 20, 2020, Difficile filed a motion for entry of an order canceling the notice of pendency and awarding costs and expenses incurred by it as the result of the filing of the notice of pendency. [Dkt. No. 11]. By Order dated June 10, 2020, the Court granted that portion of Difficile's motion seeking cancellation of the notice of pendency, and the notice of pendency was canceled. [Dkt. No. 26]. The June 10, 2020 Order also directed the parties to file pleadings in connection with Difficile's request for an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency under N.Y. C.P.L.R. § 6514(c).

On June 16, 2020, Difficile submitted a declaration in support of its application for an award of costs and expenses upon the cancellation of the notice of pendency. [Dkt. no. 27.] There, Difficile sought to recover (i) reasonable attorneys' fees in the amount of $34,378.00 and expenses in the amount of $602.74 incurred in connection with the cancellation of the notice of pendency, (ii) lost profit in the amount of $1,675,000 defined by Difficile as the difference between the purchase price under the contract with HRT and what REMM paid to the bankruptcy trustee, and (iii) reasonable attorneys' fees incurred in connection with the preparation of the motion in the amount of $9,136.50. [Dkt. No. 27.] Merchant filed opposition on June 29, 2020 principally objecting to the award of lost profits. [Dkt. No. 30.] Difficile filed its reply to Merchant's opposition on the same day. [Dkt. No. 33.] The Court entered an Order dated July 8, 2020 scheduling a hearing on Difficile's request for an award of costs and expenses. [Dkt. No. 34].

---

[2] On motion of Difficile, the Amended Complaint was dismissed in its entirety. *See Memorandum Decision and Order Dismissing Amended Complaint* dated December 22, 2020. [Dkt. No. 67].

After a hearing on notice to Merchant, and at which the parties appeared, the Court entered an Order dated August 24, 2020 awarding Difficile attorneys' fees in the sum of $21,906.50 and expenses of $202.74 occasioned by the filing and cancellation of the notice of pendency. [Dkt. No. 47]. The August 24, 2020 Order also directed the filing of supplemental pleadings in connection with Difficile's request for additional damages occasioned by the filing and cancellation of the notice of pendency, including carrying costs for the Premises and lost profits and set a hearing date for oral argument on Difficile's request for additional damages.

On September 4, 2020, Difficile's counsel submitted a declaration in further support of Difficile's supplemental application for costs, expenses and actual damages occasioned by the filing and cancellation of the notice of pendency under N.Y. C.P.L.R. § 6514(c). [Dkt. No. 53]. Difficile sought to recover (i) utility charges in the amount of $19,207.61 from December 2019 to July 2020, (ii) state and local real estate taxes in the amount of $107,216.46 for a six-month period, (iii) liability insurance in the amount of $12,736.46, (iv) miscellaneous expenses for repairs and property management fees incurred from December 2019 to July 2020 in the amount of $38,342.81 [Dkt. No. 53, Ex. A–D] ((i) through (iv) collectively "carrying expenses"), and (v) lost profit of $1,675,000. Difficile argues the costs and expenses incurred and profits lost were directly and proximately caused by the notice of pendency [Dkt. No. 53].

On September 17, 2020, Merchant filed opposition to the supplemental application contending that Difficile and HRT were still in discussion to salvage the sale of the Premises and the notice of pendency was not the only reason that the sale did not close claiming that existing title issues and HRT's difficulty in obtaining financing also contributed to the unconsummated sale. [Dkt. No. 57]. At oral argument, Difficile acknowledged that there were some discussions between it and HRT, but no agreement had been reached and the parties were in litigation in state court over the disposition of the earnest money deposit. For its part,

5

Merchant argued that awarding lost profit to Difficile was inappropriate because whether the sale with HRT was indeed lost had not been conclusively determined due to the ongoing litigation in state court.

## DISCUSSION

### I. Legal Standard

N.Y. C.P.L.R. § 6514(c) provides that "[t]he court, in an order canceling a notice of pendency under this section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action." "The purpose of CPLR 6514(c) is to reimburse a party for costs and expenses incurred as a result of a wrongful filing of a notice of pendency, and such costs and expenses are 'in addition to' (CPLR 6514[c], and separate and distinct from, any damages sustained by a party arising from the underlying claims in the action." *No. 1 Funding Ctr., Inc. v. H & G Operating Corp.*, 48 A.D.3d 908, 911 (2008). An award under N.Y. C.P.L.R. § 6514(c) is not limited to attorneys' fees and expenses and may include other costs and expenses occasioned by the filing and cancellation of the notice of pendency, such as carrying charges on the property. *Id.; see also Hulko v. Connell,* No. 83 CIV. 7760 (CSH), 1990 WL 139022, at *5 (S.D.N.Y. Sept. 18, 1990); *Josefsson v. Keller,* 141 A.D.2d 700, 701 (1988).

"As a matter of law, [the aggrieved party] is entitled to compensation for damages suffered during and because of the continuation of the notice of pendency." *Tucker v. Mashomack Fish & Game Pres. Club, Inc.,* 199 A.D.2d 957, 958–59 (1993). The aggrieved party is entitled to the "actual costs and expenses reasonably incurred by the [aggrieved party] by the filing and canceling of the notice of pendency, as well as any costs of the action." *DelMestro v. Marlin,* 168 A.D.3d 813, 817 (2019). "The court need not condition an award upon a showing of bad faith." *Lehmann v. EDM Lenox, LLC,* No. 653609/2018, 2020 WL

5819736, at *8 (N.Y. Sup. Ct. Sep. 28, 2020) (citing *Knopf v Sanford,* 132 AD3d 416, 418 (1st Dept. 2015)).

Although N.Y. C.P.L.R. § 6514(c) permits an award of costs and expenses because of an improper filing of a notice of pendency, it is within a court's discretion to allow or disallow any such request. "The award of costs and expenses under this statute is discretionary; the operative word is may, not shall." *Hulko,* 1990 WL 139022, at *4. "If the trial court has discretion to disallow costs and expenses entirely, then *a fortiori* it has discretion to allow some items and disallow others." *Id; see also Josefsson,* 141 A.D.2d at 701 ("we find that the trial court properly exercised its discretion in awarding the defendants costs and expenses pursuant to CPLR 6514(c)"); *Bromberg v. Morton*, 107 A.D.2d 778, 779 (1985) (finding "the lower court did not abuse its discretion in denying defendants' motion (CPLR 6514, subd. [c])").

Additionally, a claim that an earnest money deposit is sufficient to recompense the aggrieved party does not carry the day as the statute makes clear that the costs and expenses that may, in the exercise of the court's discretion, be awarded are designed to defray costs and expenses occasioned by the improper filing of the notice of pendency. *See #1 Funding Center*, 48 A.D. 3d at 911 ("Plaintiff's final contention, that the deposit moneys constituted liquidated damages and defendant's retention thereof precluded a concurrent award for expenses and costs, is without merit.").

Within this legal framework, the Court turns to Difficile's request for reimbursement of carrying expenses and then addresses its request for an award of lost profit as a result of the unconsummated sale with HRT.

As discussed below, the Court grants that portion of Difficile's request that seeks an award of cost and expenses for the carrying expenses and denies the request that Difficile be compensated for lost profits.

II. <u>Analysis</u>

1. Carrying Expenses

In *Tucker,* the court awarded plaintiff damages including "taxes on the Jackson Farm and carrying charges on the property, the interest cost on money which plaintiff as executor had to borrow to pay taxes, and the loss of interest on the funds derivable from the aborted sale to the Coreys." *Tucker,* 199 A.D.2d at 958. In *Esposito v. Fed. Deposit Ins. Corp.*, the court acknowledged the fact that "as long as the notice of pendency prevents [the aggrieved party] from selling the property, [the aggrieved party] is required to pay the costs of maintaining the property and real estate taxes, and it is deprived of the use of the money it would have received as proceeds from the sale." 644 F. Supp. 276, 277 (E.D.N.Y. 1986). Difficile did not request an award of interest on the funds it would have received and invested had the sale with HRT closed. As such, the loss of interest is not a factor for the Court's consideration in assessing whether an award of costs and expenses is warranted in this case.[3] Difficile's request, however, for reimbursement of real property taxes, insurance premiums, utility charges, and property maintenance and management fees may be awarded in the Court's discretion. These costs and expenses fall within the scope of costs and expenses allowable under N.Y. C.P.L.R § 6514(c). *Id*; *see also Hulko*, 1990 WL 139022, at *5; *Tucker,* 199 A.D. 2d at 958; *Josefsson,* 141 A.D.2d at 701; *No. 1 Funding Ctr.,* 48 A.D.3d at 911.

Having concluded that the costs and expenses requested by Difficile are properly the subject of an award under N.Y. C.P.L.R. § 6514(c), the Court turns to whether Difficile has met its burden of proof by offering sufficient evidence to support the costs and expenses it seeks to recover. Here, Difficile submitted the following documentation in support of its

---

[3] With respect to the issue of an award of lost interest, the Court notes that in *Hulko* the court declined to award lost interest finding lost interest constituted damages not embraced by the costs and expenses occasioned by the filing and cancellation and instead should be sought under N.Y. C.P.L.R. § 6515. *Hilco,* 1990 WL 139022, at *5.

8

request for reimbursement of the carrying expenses: (i) Statement of Taxes for the Premises [Dkt. No. 53, Ex. B], (ii) a copy of the invoice showing insurance premiums due and the liability coverage period [Dkt. No. 53, Ex. C], (iii) invoices from maintenance service vendors setting forth the work performed at the Premises and dates of performance [Dkt. No. 53, Ex. D], and (iv) a statement of utility charges [Dkt. No. 53, Ex. A]. Merchant did not take issue with the nature or amount of the carrying expenses, limiting its objection in large part to whether Difficile is entitled to recover lost profit. Having reviewed the supporting documentation submitted by Difficile and after careful consideration of the parties' arguments, the Court finds the documentation sufficient to sustain Difficile's claim for the carrying expenses. However, an adjustment shall be made to limit the costs and expenses to amounts incurred from December 27, 2019 to June 9, 2020, the period when the notice of pendency was in place. Difficile shall file an adjusted statement itemizing the carrying expenses for this specified period within fourteen days of the entry of this Memorandum Decision and Order.

2. Loss Profit

Difficile seeks to recover loss profit in the amount of $1,675,000, which it claims is the difference between the contract price with HRT and the price paid for the Premises at the bankruptcy auction sale. In the exercise of its discretion, the Court declines to award Difficile lost profit. The courts in *Esposito* and *Tucker* did not award lost profit, but instead awarded interest on the funds derivable from the aborted sale.[4] That is so because the filing of an improper notice of pendency does not render the property permanently unsalable; rather, it serves to delay the sale. Here, it may very well come to pass that Difficile will find a buyer for the Premises now that the notice of pendency, which created a cloud on title, has been

---

[4] As noted earlier, Difficile did not request an award of lost interest resulting from the unconsummated sale.

cancelled. Allowance of the out-of-pocket carrying expenses occasioned by the wrongful filing of the notice of pendency is sufficient.

## CONCLUSION

For the foregoing reasons, Difficile's supplemental application is granted in part and denied in part as follows: (a) that portion of the supplemental application that seeks an award of carrying expenses is granted and within fourteen days of the entry of this Memorandum Decision and Order Difficile shall file an adjusted statement itemizing the carrying expenses incurred during the period December 27, 2019 to June 9, 2020 when the notice of pendency was in place, and (b) that portion of the supplemental application that seeks an award of lost profit is denied.

So Ordered.



**Dated: August 12, 2021**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**